IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA G.,[1] | ) |
|     Plaintiff, | ) ) ) ) No. 20 C 4101 |
| v. | ) ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] | ) Maria Valdez ) ) |
|     Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Maria G.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 19] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 26] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On September 8, 2017, Plaintiff filed claims for DIB and SSI alleging disability since August 17, 2017. The claims were denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 6, 2019. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On May 10, 2019, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of August 17, 2017. At step two, the ALJ concluded that Plaintiff had the following severe impairments: generalized anxiety disorder; major depressive disorder; fibromyalgia; lupus; asthma; hypothyroidism; degenerative joint disease; and sacroiliac joint arthritis.

The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can never climb ladders, ropes, or scaffolds; can occasionally stoop, crouch, crawl, kneel, and climb ramps and stairs; should avoid concentrated exposure to poorly ventilated areas, moving machinery, unprotected heights, and pulmonary irritants such as fumes, odors, dusts, and gases; requires a sit/stand option that allows her to sit for 20 minutes after standing for 20 minutes and vice versa, provided she is not off task more than 10 percent of the work period; can perform simple, routine, repetitive tasks with only occasional interaction with the public, coworkers, and supervisors.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a receptionist, registration clerk, or social services aide. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir.

2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v.*

5

*Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ did not properly evaluate Plaintiff's RFC; (2) the ALJ erred in evaluating the opinion of Dr. David Mael; and (3) the ALJ did not properly evaluate Plaintiff's allegations.

In advancing her first argument, Plaintiff contends, *inter alia*, that the ALJ failed to adequately account for her expressed need to lie down to alleviate pain and

6

fatigue. Pertinent to that topic, at the hearing, Plaintiff testified that she has to "nap, lay down, take it easy" when she has flareups of her fibromyalgia and/or lupus. (R. 58.) Plaintiff further testified that she takes roughly hour-long naps on a daily basis due to severe fatigue. (*Id.* at 63-64.) Despite these statements, the ALJ's decision does not address Plaintiff's asserted need to lie down in any manner.

"An ALJ errs when the RFC fails to account for a claimant's allegation that he needs to lie down." *Tincher v. Colvin*, No. 13 C 8410, 2015 U.S. Dist. LEXIS 90961, at *25 (N.D. Ill. July 14, 2015) (citation omitted). Accordingly, in completely failing to address Plaintiff's allegations concerning her need to lie down, the ALJ erred. *See Eula M. v. Berryhill*, No. 17 C 6669, 2019 U.S. Dist. LEXIS 84685, at *23 (N.D. Ill. May 20, 2019) ("The ALJ was required to explain either (1) why plaintiff's testimony could not be accepted or (2) why she could work on a full-time basis despite her alleged need to lie down for three hours when she experienced migraines."). The ALJ's error was not harmless, as the VE testified that Plaintiff would not be allowed to lie down or nap in the workplace. (R. 78.)

Ultimately, the ALJ's failure to account for Plaintiff's asserted need to lie down requires that this matter be remanded. *See Gibson-Jones v. Chater*, No. 96-2626, 1997 U.S. App. LEXIS 7640, at *13 (7th Cir. Apr. 14, 1997) ("We therefore . . . remand the case to the ALJ so that he may identify more specific medical evidence supporting his rejection of [the claimant's] testimony that she needed to lie down daily. The ALJ must more specifically articulate his reasons for believing that [the claimant's] testimony is contradictory and inconsistent. If the ALJ is unable to

articulate more specific reasons, he must award [the claimant] the relief she requests because, if she needs to lie down daily, she will be unable to perform even sedentary work with a sit/stand option."); *Wesolowski v. Colvin*, No. 15 C 8830, 2016 U.S. Dist. LEXIS 144261, at *11 (N.D. Ill. Oct. 18, 2016) ("The ALJ also failed to explain why he did not include Wesolowski's need to lie down intermittently. On remand, the ALJ should expand the record if necessary in order to properly determine Wesolowsi's RFC.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's RFC is properly assessed, the medical opinions are properly weighed, and Plaintiff's alleged symptoms are properly evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 19] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 26] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:** **June 1, 2022**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**